**Date signed May 02, 2005**



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| VIVIAN Y. SETON | : | Case No. 04-19692PM |
| | : | Chapter 13 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| RICHARD L. SUGARMAN, Trustee | : | |
| Movant | : | |
| vs. | : | |
| | : | |
| VIVIAN Y. SETON | : | |
| Respondent | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

### MEMORANDUM OF DECISION

This case is before the court on the motion of Richard L. Sugarman to annul the stay of 11 U.S.C. § 362(a), together with the entry of an order enabling Movant to consummate a foreclosure proceeding docketed June 8, 2004, Case No. V252496, in the Circuit Court for Montgomery County, Maryland. The motion is opposed by the Debtor, who also requests leave to file an adversary proceeding based upon an alleged willful violation of the automatic stay under § 362(h) of the Bankruptcy Code.

This is the third bankruptcy case filed by the Debtor. Case No. 99-13542 filed under Chapter 13 on March 25, 1999, was dismissed July 9, 1999. Case No. 03-31759 filed under Chapter 13 on October 29, 2003, was dismissed on November 17, 2003. The present case was filed on April 20, 2004. When the Debtor failed to appear for the meeting of creditors on June 3, 2004, held pursuant to § 341 of the Bankruptcy Code, the Chapter 13 Trustee filed a motion to

dismiss.  Debtor did not respond to the motion, and on July 9, 2004, this bankruptcy case was dismissed with prejudice pursuant to § 109(g)(1) of the Bankruptcy Code.  As noted, on June 8, 2004, a foreclosure was docketed by Movant as Trustee under a second deed of trust.  A motion for relief from the stay of § 362(a) was also filed by the holder of the senior lien, CitiBank N.A., on July 8, 2004; however, that motion was denied the following day as moot following dismissal of the case.  The instant case was thereafter reopened on the motion of Movant Sugarman to annul the stay.

      At the outset, the court notes that the Debtor filed exceptions to the ratification of the sale at the foreclosure proceeding, asserting in the exceptions that the docketing of the foreclosure proceeding was done in violation of the stay of § 362(a) of the Bankruptcy Code and that, therefore, the foreclosure sale that occurred after this bankruptcy case was dismissed with prejudice was a nullity.  Debtor argued as well in this court that Sugarman had the duty to dismiss the foreclosure sale that he had docketed in violation of the stay.

      The court finds that the Circuit Court for Montgomery County had jurisdiction to render the decision that it did.  This court has exclusive jurisdiction under 28 U.S.C. § 1334(a) of all cases under Title 11.  But under 28 U.S.C. § 1334(b) the court has original but not exclusive jurisdiction of all civil proceedings arising under Title 11 or arising in or related to cases under Title 11.  Thus, the Circuit Court for Montgomery County had the power to do precisely what it did.  However, to avoid further controversy, the court will rule on the motion to annul the stay.

      First, the court finds as a fact that neither Sugarman nor the holder of the second trust secured by the lien on Debtor's property had knowledge of the filing of this bankruptcy case under Chapter 13 prior to docketing the foreclosure action.  When information was received after the docketing of the foreclosure sale, Movant ceased all further action.  Robert Goldsten, the principal of the holder of the note instructed Sugarman to cancel the sale.  When the bankruptcy case was thereafter dismissed and the automatic stay of 11 U.S.C. § 362(a) terminated, Sugarman was instructed to recommence docketing the sale.

      The court finds as a fact, from the testimony presented, that while the docketing of the foreclosure after the filing of this case was done in violation of the automatic stay, the docketing was an inadvertent violation of the stay.  This is because the action was taken without knowledge of the filing of the bankruptcy case.  In such cases, the court is empowered by 11 U.S.C. § 362(d) to enter an order annulling the stay.  In numerous cases, courts have annulled the stay or, as has

been said, granted retroactive relief from the stay. *See generally, In re Soares*, 107 F.3d 969, 976-78 (CA1 1997); *In re Lampkin*, 116 B.R. 450 (BC Md. 1990); and *In re Hall*, 216 B.R. 702 (BC E.D.N.Y. 1998). This is such a case for such discretionary relief. The Debtor filed this case and then abandoned, as she had in two previous cases, any effort to complete the Chapter 13 process. Had she gone forward with the case, the creditor could then have filed a motion for relief from the stay. The court finds no basis to support the proposition that this creditor must begin an entirely new foreclosure proceeding as opposed to reactivating a pending but stayed foreclosure, where, as here, the Debtor's bankruptcy case was dismissed on account of her failure to appear before the court in proper prosecution of the case.

An appropriate order will be entered.

cc:
J. Worthington H. Talcott Jr., Esq., 11921 Rockville Pike, 3rd Floor, Rockville, MD 20852
Robert J. Haeger, Esq. 9535 Fern Hollow Way, Gaithersburg, MD 20886
Vivian Y. Seton, 3808 Fox Valley Drive, Rockville, MD 20853
Nancy S. Grigsby, Trustee, P.O. Box 958, Bowie, MD 20718

**End of Memorandum**